### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANN CAVLOVIC, individually and on behalf of those similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> J.C. Penney Corporation, Inc. <br><br> Defendant. | Case No. 2:17-cv-2042 |

### DEFENDANT'S NOTICE OF REMOVAL
### [28 U.S.C. §§ 1331, 1332(d), 1441, 1446, and 1453]

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, and 1453, Defendant J.C. Penney Corporation, Inc. ("JCP"), hereby gives notice that it removes the above-captioned case from the District Court of Wyandotte County, Kansas, ("State Court") to the United States District Court for the District of Kansas. Defendant's short and plain statement of the grounds for removal is as follows:

### JURISDICTION AND ASSIGNMENT TO COURT

1.   This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(d)(2), in that it is a putative class action involving at least 100 members with minimal diversity and the amount in controversy exceeds $5 million, exclusive of interests and costs. This action is removable by the Class Action Fairness Act of 2005 ("CAFA"), codified in 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453(b), because U.S. District Courts have original jurisdiction over class actions meeting the above-listed requirements.

1

Alternatively, the Court has jurisdiction under § 1331 and the case is removable under § 1441, in that Plaintiff's Class Action Petition (the "Petition") necessarily raises a substantial federal issue and, in light of CAFA, would not disturb the balance of federal and state judicial responsibilities.

2.  Assignment to this Court is proper because the civil action is being removed from the District Court of Wyandotte County, Kansas.

## STATE COURT ACTION

3.  On December 16, 2016, Plaintiff Ann Cavlovic filed the Petition in the State Court, Case No. 2016-CV-000938, which brings causes of action for: (1) Violations of the Kansas Consumer Protection Act, (2) Injunctive/Declaratory Relief Pursuant to the Kansas Consumer Protection Act, and (3) Unjust Enrichment. The Petition alleges these claims against one defendant, JCP.

4.  On December 22, 2016, the Summons and Petition were served on JCP's registered agent by certified mail. As required by 28 U.S.C. § 1446(a), copies of all processes, pleadings, and orders served upon JCP are attached as Exhibit 1. No further proceedings have occurred in the action.

## CITIZENSHIP OF PARTIES

5.  As alleged in the Petition, Plaintiff Ann Cavlovic is a citizen of Kansas and an individual residing in Wyandotte County, Kansas. Petition ¶ 4.

6.  Defendant JCP was at the time of filing and currently is a Delaware corporation having its principal place of business in Texas, *id.* ¶ 5, and hence is a citizen of Delaware and Texas for purposes of diversity.

7.      As alleged in the Petition, Plaintiff seeks to represent a class of persons defined as: "All persons who, during the Class Period, purchase [sic] from JCP in Kansas one or more private and/or exclusive branded items at a discount of at least 30% off of the state [sic] 'original' or 'regular' price, and who have not received a refund or credit for their purchase(s)." *Id.* ¶ 66. Plaintiff proposes that the Class Period be defined as December 16, 2013, through December 16, 2016, inclusive. *Id.* ¶ 67.

8.      Plaintiff alleges that "[u]pon information and belief, JCP's database(s) maintain contact information, including emails and home mailing addresses, through which notice of this action could be disseminated in accordance with due process requirements." *Id.* ¶ 69. The number of putative class members exceeds 100 because there are far in excess of 100 persons who, between December 16, 2013, and December 16, 2016, purchased from JCP in Kansas one or more private and/or exclusive branded items at a discount of at least 30 percent off the original or regular price and who have not received a refund or credit for their purchase(s).

9.      To establish "minimal diversity" pursuant to CAFA, "any member of a class of plaintiffs" must be the citizen of a different state than any defendant." 28 U.S.C. § 1332(d)(2)(A). As alleged in the Petition, the Plaintiff is a citizen of Kansas and Defendant is a citizen of Delaware and Texas. Petition ¶¶ 4-5. Accordingly, minimal diversity pursuant to CAFA exists because the putative class members are citizens of a state different than that of Defendant. *See* 28 U.S.C. § 1332(d)(2).

3

## AMOUNT IN CONTROVERSY

10. To establish subject matter jurisdiction under CAFA, the amount in controversy must exceed $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d). Although Defendant disputes Plaintiff's entitlement to any remedy or damages in any amount, JCP's sales at its Kansas stores during the Class Period exceeded $5 million. Further, Plaintiff alleges that "JCP made millions—perhaps billions—off of [its] False Former Price Advertising Scheme in Kansas and across the United States." Petition ¶ 25. Thus, the amount in controversy for jurisdictional purposes exceeds the aggregated sum or value of $5 million, exclusive of interest and costs.

11. Plaintiff seeks injunctive relief, *see id.*, Prayer for Relief, p. 20, the value of which must be included in calculating the amount in controversy under CAFA. 28 U.S.C. § 1332(d)(2); *see also Nieberding v. Barrette Outdoor Living, Inc.*, 129 F. Supp. 3d 1236, 1243 (D. Kan. 2015). Plaintiff also prays for statutory attorneys' fees pursuant to the Kansas Consumer Protection Act. *See* Petition, Prayers for Relief, pp. 17, 20; K.S.A. 50-634(e). Again, although Defendant disputes that Plaintiff is entitled to recover attorneys' fees, Plaintiff's request for attorneys' fees should be included in calculating the amount in controversy.

## FEDERAL QUESTION JURISDICTION

12. Alternatively, the Petition alleges a violation of 16 C.F.R. § 233.1(a), Petition ¶ 2, thus necessarily raising a substantial federal question

within the meaning of *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005).

13. Removal based on this substantial federal question will not upset the congressional balance of federal and state judicial responsibilities, in that CAFA allows JCP to remove the case.

## COMPLIANCE WITH 28 U.S.C. SECTION 1446

14. Pursuant to 28 U.S.C. § 1446(a), copies of all documents received by Defendant in the State Court action are being filed with this Notice of Removal.

15. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within 30 days of the service on Defendant of the pleadings setting forth the claim for relief upon which the State Court action is based.

16. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of the removal of the State Court action to Plaintiff, through her attorneys of record and to the District Court of Wyandotte County, Kansas.

17. Defendant reserves the right to amend or supplement this Notice of Removal.

18. By filing this Notice of Removal, Defendant does not waive any defenses that may be available to it.

**WHEREFORE**, Defendant JCP respectfully removes this case from the District Court of Wyandotte County, Kansas, to this Court.

Respectfully submitted,

HUSCH BLACKWELL LLP

/s/  Michael S. Hargens
Michael S. Hargens, KS #20689
Christina M. Pyle, KS #25019
Taylor B. Concannon, KS #26668
4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone: (816) 983-8000
Facsimile: (816) 983-8080
michael.hargens@huschblackwell.com
christina.pyle@huschblackwell.com
taylor.concannon@huschblackwell.com

Christopher A. Smith
(pending pro hac vice admission)
190 Carondelet Plaza, Suite 600
St. Louis, MO  63105
Telephone: (314) 480-1500
Facsimile: (314) 480-1505
chris.smith@huschblackwell.com

Attorneys for Defendant J.C. Penney
Corporation, Inc.

## **Certificate of Service**

The undersigned hereby certifies that a true and accurate copy of the foregoing instrument was served on the following individuals on this 20th day of January, 2017, via the Court's CM/ECF system and via first class U.S. Mail:

Bryce B. Bell
Bell Law, LLC
2600 Grand Blvd., Suite 580
Kansas City, MO 64108
Bryce@BellLawKC.com

A. Scott Waddell
Waddell Law Firm LLC
2600 Grand Blvd., Suite 580
Kansas City, MO 64108
Scott@ASWLawFirm.com

Attorneys for Plaintiff

/s/ Michael S. Hargens
Attorney for Defendant